IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 CV 26

| | | |
|---|---|---|
| SHIRLEY ANN FEDORA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v | ) | |
| | ) | |
| ALISHA SANE LOLLAR, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is the Plaintiff's Motion to Compel (#24) requesting that the Court overrule Defendant's objections contained in Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents (#24-1) and any objections presented by Defendant in Defendant's Response to Plaintiff's Second Set of Interrogatories and Request for Production of Documents. (Def's Exhibit D-2) which were not yet due and had not been served. The Plaintiff further requested the Court to order Defendant to waive any objections raised by Defendant based upon attorney/client privilege and work product privilege. (#24, p. 2.) Discovery in the case was to close on June 15, 2017 and as a result, the Court ordered Defendant to respond to the Motion to Compel by May 25, 2017 and set a hearing for the Motion to Compel for June 6, 2017. (#27) Both the pro se Plaintiff and counsel for Defendant were required to appear for the hearing on June 6, 2017.

1

Defendant filed a Response (#28) to Plaintiff's Motion to Compel on May 26, 2017. On June 6, 2017, the Court conducted a hearing of Plaintiff's Motion to Compel. Plaintiff did not appear but counsel for Defendant did appear. After hearing arguments of counsel for Defendant, the Court orally denied Plaintiff's Motion to Compel (#24).

On June 8, 2017, Defendant's counsel filed an Affidavit in Support of Attorney Fees (#30) and Plaintiff filed a letter (#31) providing Plaintiff's reasons for her non-appearance at the hearing of the motion.

**I. Background**

Plaintiff filed her Complaint (#1) on February 3, 2016 alleging she was injured in an automobile accident that occurred in Cleveland County, North Carolina on February 14, 2013 when Defendant failed to reduce speed of the vehicle Defendant was operating and struck the vehicle Plaintiff was operating in the rear resulting in injury to Plaintiff.

Defendant responded to the Plaintiff's First Set of Interrogatories and Request for Production of Documents on January 29, 2017 (#24-1) and to the Plaintiff's Second Set of Interrogatories and Request for Production of Documents on May 31, 2017 (Def's Exhibit #2). The interrogatories and requests seek a broad and sweeping group of information such as; requesting a history of all insurance coverages for Defendant for ten years preceding the subject accident (#24-1, Nos. 5 and 3.); the

identity of each medical care provider of Defendant for ten years prior to the accident (#24-1, Nos. 6 and 4.); Defendant's work history for ten years (#24-1, No. 7.); all statements of witnesses pertaining to the accident (#24-1, No. 1.); copies of all driving records of the Department of Motor Vehicles for ten years prior to the accident (not limited to just the defendant) (#24-1, No. 2.); and all documents of Farm Bureau Insurance Company which relate to offers of settlement (#24-1, No. 8.). Defendant responded to the interrogatories and the requests, but objected to many of the discovery requests as being overly broad and burdensome and also raised the privilege of work product and attorney/client privilege. Defendant also objected to requests for medical records and medical information of Defendant based upon the fact that such requests sought confidential medical information of Defendant.

## II. <u>Legal Standard</u>

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed.R.Civ.P. 26(b)(1) states:

> **(1)  Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

**III. <u>Analysis</u>**

At the hearing, the Court heard from Defendant's counsel as to the Plaintiff's motion and considered the briefs filed by Plaintiff and defense counsel.  In Defendant's Response, Defendant contends the automobile accident was a low impact collision and Defendant did not observe any damage to Plaintiff's vehicle. Defendant further contends that Plaintiff did not express any physical complaints at the time of the accident; did not request medical attention; and asked the investigating officer if she could leave the scene because she was eager to catch a flight to Florida.  (#28, p. 2.)  Photographs of the vehicles involved in the accident were presented by Defendant.  (#28-1, pp. 1 through 11.) which showed only slight damage to the vehicles.  The Court now enters this Order to prefect the record.

**A.** **<u>Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents (#24-1)</u>**

    No. 1:  The Court finds this interrogatory has been answered by the Defendant.

    No. 2:  The Court finds this interrogatory has been answered by the Defendant.

    No. 3: The Court finds this interrogatory has been answered by Defendant.

No. 4:  The Court finds this interrogatory has been answered.  Defendant provided to the Plaintiff a copy of Defendant's driver's license which would allow Plaintiff to obtain these records.

No. 5:  The Court sustains the objection of the Defendant.  The Court has considered the factors as set forth under Fed.R.Civ. P. 26(b)(1) and finds that the information sought by this interrogatory has no relevance to the claims asserted in the Plaintiff's Complaint.

No. 6:  The Court sustains the objection of the Defendant.  The Court has considered the factors as set forth under Fed.R.Civ. P. 26(b)(1) and finds that the information sought by this interrogatory has no relevance to the claims asserted in Plaintiff's Complaint.  The Court further finds that the assertion of the medical information requested is privileged and confidential to the Defendant is well taken.

No. 7:  The Court finds this interrogatory has been answered by Defendant.

No. 8:  The Court sustains the objection of the Defendant.  The Court The Court considers the factors as set forth in Fed.R.Civ. P. 26(b)(1) and finds that the information sought by this interrogatory has no relevance to the claims asserted in Plaintiff's Complaint.

No. 9:  The Court finds that this interrogatory has been answered.

No. 10:  The Court finds that this interrogatory has been answered.

No. 11:  The Court finds that this interrogatory has been answered by Defendant.

No. 12:  The Court finds that this interrogatory has been answered by Defendant.

No. 13: The Court finds that this interrogatory has been answered by Defendant.

No. 14: The Court finds that this interrogatory has been answered by the Defendant.

(b) Request for Production of Documents

(1) The Court sustains the objection of Defendant. The Plaintiff is asking for documents and statements that are work product of Defendant's counsel.

(2) The Court sustains the objection of Defendant. The request for production of documents is overly broad and burdensome. The documents requested have no relevance to the claims asserted in the Plaintiff's Complaint.

(3) The Court sustains the objection of Defendant to this request for production. The documents requested by Plaintiff have no relevance to the claims contained in Plaintiff's Complaint.

(4) The Court sustains the Defendant's objection. The request seeks confidential medical information of Defendant who has not asserted a claim for personal injury.

(5) The Court sustains the Defendant's objection. The request seeks confidential medical information of Defendant who has not asserted a claim for personal injury.

(6) The Court sustains the objection of Defendant. The Court has considered the factors as set forth under Rule 26(b)(1) and finds that this request for production of documents has no relevance to the claims asserted in Plaintiff's Complaint.

(7) The Court sustains the objection of Defendant. The Court has considered the factors as set forth under Rule 26(b)(1)

and finds that this request for production of documents has no relevance to the claims asserted in Plaintiff's Complaint.

(8) The Court sustains the objection of Defendant. The information being sought is work product of Defendant's counsel and is further protected by attorney/client privilege.

(9) The Court finds this request for production of documents has been answered.

(10) The Court finds that this request for production of documents has been answered.

(11) The Court finds that this request for production of documents has been answered.

(12) The Court finds that this request for production of documents has been answered.

(13) The Court finds that this request for production of documents has been answered.

(14) The Court finds that this request for production of documents has been answered.

(15) The Court finds that this request for production of documents has been answered.

(16) The Court sustains the objection of Defendant and finds that the information sought is protected by attorney/client privilege or is work product of Defendant's counsel.

(17) The Court finds that this request for production of documents has been answered.

**B.** **Defendant's Responses to Plaintiff's Second Set of Interrogatories and Request for Production of Documents (Def's Exhibit #2)**

No. 1: The Court sustains the objection of Defendant. The interrogatory seeks privileged and confidential medical information of Defendant. The Court has further considered the factors as set forth in Rule 26(b)(1) and finds that the information sought by this interrogatory has no relevance to the claims asserted in the Plaintiff's Complaint.

No. 2: The Court sustains the objection of Defendant. The interrogatory seeks privileged and confidential medical information of Defendant. The Court has further considered the factors as set forth in Rule 26(b)(1) and finds that the information sought by this interrogatory has no relevance to the claims asserted in the Plaintiff's Complaint.

No. 3: The Court sustains the objections of Defendant. The Court has considered the factors set forth in Rule 26(b)(1) and finds that the information sought by this interrogatory has no relevance to the claims asserted in the Plaintiff's Complaint.

No. 4: The Court sustains Defendant's objection. The interrogatory seeks confidential medical information. The Court has further considered the factors as set forth in Rule 26(b)(1) and finds that the information sought by this interrogatory has no relevance to the claims asserted in Plaintiff's Complaint.

No. 5: The Court sustains Defendant's objection. The interrogatory seeks confidential medical information. The Court has further considered the factors as set forth in Rule 26(b)(1) and finds that the information sought by this interrogatory has no relevance to the claims asserted in Plaintiff's Complaint.

No. 6: The Court sustains Defendant's objection. The Court has considered the factors as set forth in Rule 26(b)(1) and finds that the information sought by this interrogatory has no relevance to the claims asserted in Plaintiff's Complaint.

(b) Request for Production of Documents

(1) The Court sustains the objection of Defendant. The

request seeks privilege and confidential medical information of the Defendant. The Court has also considered the factors set forth in Rule 26(b)(1) and finds that the information sought by this request has no relevance to the claims asserted in Plaintiff's Complaint.

## IV. <u>Award of Cost and Fees</u>

Rule 37 of the Federal Rules of Civil Procedure provides for an award of reasonable expenses, including attorney's fees if a motion to compel is denied. Rule 37(a)(5)(B) states as follows:

> **(B) If the Motion is Denied…** If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Providing the Plaintiff an opportunity to be heard in regard to the request of Defendant for attorney fees is problematic. The Plaintiff states in her letter (#31), she is in Alaska and her return to this district for the purpose of proceedings this case is questionable. However, the undersigned will go forward and schedule a hearing concerning the issue of whether or not to award attorney fees to Defendant for September 28, 2017 at 9:30 a.m. The trial of this matter is scheduled for October 2, 2017 and the Court finds it reasonable to expect that Plaintiff will be in this district for the trial of this case.

The undersigned has examined the Affidavit filed by Defendant's counsel concerning the fees requested and finds that it does not comply with the standard for the Court to consider an awarding of attorney fees. In calculating the amount of attorney fees to award, the Court first determines the lodestar figure by multiplying the reasonable number of hours expended by the reasonable hourly rate. McAfee v. Boezar, 738 F.3d 81, 88 (4th Cir.2013). In determining what constitutes a reasonable number of hours and a reasonable rate, the Court looks to twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Robinson v. Equifax Info. Serv., LLC, 560 F.3d 235, 243-44 (4th Cir.2009). As the United States Court of Appeals for the Fourth Circuit has recognized, the initial determination of the lodestar figure may encompass a number of these twelve factors, and the Court need not consider the factor a second time. Boczar, 560 F.3d at 89. Once the Court determines the lodestar figure, the Court then subtracts fees for hours spent on claims that were not successful. *Id.* at 88; Robinson, 560 F.3d at 244.

Defendant's Affidavit does not contain information sufficient upon which for this Court to award fees.  However, due to the fact that the hearing of this motion is being delayed until September 28, 2017, the undersigned will give Defendant's counsel an opportunity to provide the required documentation as set forth above and will direct that Defendant's counsel is given up to and including July 21, 2017 to file such amended affidavits or briefs regarding the issue of attorney fees as Defendant's counsel may deem appropriate.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel (#24) is **DENIED** in its entirety.  The undersigned will hear from the parties on **September 28, 2017 at 9:30 a.m**. in Courtroom #2 of the United States Courthouse in Asheville, North Carolina concerning Defendant's request for counsel fees.  Defendant's attorney will be allowed up to and including **July 21, 2017** to file amended affidavits or other pleadings regarding the amount of attorney fees request.

Signed: June 20, 2017

Dennis L. Howell
United States Magistrate Judge