**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:16CV26**


| | | |
|---|---|---|
| SHIRLEY ANN FEDORA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| **v** | ) | |
| | ) | |
| ALISHA SANE LOLLAR, | ) | |
| | ) | |
| Defendant. | ) | |


This matter has come before the undersigned pursuant to a letter (#36) dated June 19, 2017, forwarded to the Court by Plaintiff, who is proceeding *pro se* in this matter. In the letter, Plaintiff requests permission of the Court to attend a mediated settlement conference by tele-conference. On June 27, 2017, Plaintiff filed another letter (#39) with the Court. Plaintiff now contends that she is sick and cannot attend the mediation. Plaintiff also attached a letter from Dr. Sarah Roberts dated June 22, 2017. The letter from Dr. Roberts states in full:

> The above patient is currently ill and it is my medical opinion that they not travel at this current time. Please allow her the ability to attend any commitments via tele or video-conference if at all possible.

(Ex. 1 to Pl.'s Letter, ECF No. 39-1.)

Defendant objects to Plaintiff appearing by tele-conference. Specifically, Defendant contends that as part of the Pro Se Settlement Assistance Program, a

1

mediated settlement conference was conducted in this matter in June 2016, and Plaintiff was allowed to participate by telephone. This mediation resulted in an impasse. In addition, Defendant contends that in August 2016, Plaintiff agreed to a settlement in this matter but later reneged on the settlement. Finally, Plaintiff has previously failed to appear for a motion hearing ordered by the Court on her Motion to Compel.

Local Rule 16.3(B)(1) provides that mediation in this Court shall be governed by the Rules Governing Mediated Settlement Conferences in Superior Court Civil Actions as set forth in N.C.G.S. § 7A-38. Those rules require the attendance of parties at mediation. However, the Local Rules of Civil Procedure for this Court supplements the state rules. Local Rule 16.3(C)(2) provides as follows: "**Telephonic Attendance**. All mediated settlement conferences shall be conducted in person, unless leave is otherwise granted <u>by the mediator</u>." It is clear from an examination of both the state and federal rules, that attendance at a mediation by a party is stressed; telephonic attendance is the exception.

The parties in this case have known since the entry of the Pretrial Order in August 31, 2016, that mediation was required in this case. The date for the deadline for the completion of mediation originally was April 15, 2017. The mediation deadline has been delayed twice by this Court upon motion of the parties. An Order (#19) was entered on April 4, 2017, which delayed the deadline for the mediation

until June 1, 2017. On May 16, 2017, another Order (#25), was entered which delayed the deadline for the completion of mediation in this matter until July 1, 2017. The parties, and particularly the Plaintiff, have known for months that they should be preparing for mediation in this case. Because the parties could not agree on a mediator the Court was also required to enter an Order appointing attorney Kathy Gleason as mediator in this case. In this Order, the Court advised the Plaintiff that she was required to appear at the mediation when it was scheduled by Ms. Gleason. In fact, the Court warned Plaintiff that the failure to participate and appear at future court hearings or the mediation could result in the dismissal of her action.

An examination of this file in this matter shows that Plaintiff has failed to grasp that attendance at court-ordered proceedings is not optional. The filing of a Complaint in federal court is a serious undertaking by any party, and it requires the full participation of all parties who either choose to be involved in the litigation or who are compelled to defend themselves in the litigation.

The Court has considered the reasons why Plaintiff wishes to participate in the mediation by tele-conference. She states she is involved in the care of her seven year old grandson, whom she advises, is her "first priority" and she contends she has no resources. In her last letter (#39) Plaintiff now contends she is ill and cannot attend in person. The Court gives little weight to the contention of illness. The email from the physician does not even state the reason why the Plaintiff is ill. It appears

to be just a communication to try to bolster Plaintiff's contention that she should be able to attend the mediation by tele-conference.

On the other hand, Defendant has already agreed on one occasion for Plaintiff to participate by telephone conference in mediation, which reached an impasse. Defendant has alleged that Plaintiff has, on another occasion, reneged on a settlement agreement.

After weighing the contentions of both Plaintiff and Defendant, the undersigned will enter an Order denying the motions of Plaintiff (#36) and (#39). The Court will, however, extend the time for mediation to take place and will set a specific date, time, and place for the mediation. The Court instructs the Plaintiff that if the Plaintiff does not attend in person at the mediation, this Court will tax to the Plaintiff the entire costs of the mediator's services and will also conduct a further hearing concerning whether or not the attorney fees of Defendant for attendance at the mediation should be paid by Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that the letters of the Plaintiff (#36) and (#39), which have been considered by the undersigned as motions to attend mediation by tele-conference are **DENIED.** The time of the mediation to occur shall be extended to July 20, 2017**.** On **July 20, 2017**, mediation in this matter shall occur at the office of Defendant's counsel, that being **Roberts & Stevens, P.A., 301**

**College Street, Suite 400, Asheville, NC**.  Mediation shall take place at **10:00 a.m.**

The Plaintiff is **ORDERED** and directed to appear and participate in the mediation.

Should the Plaintiff not appear, then the Court will conduct further hearings

regarding the taxing of the mediator's fees to Plaintiff and also taxing the costs of

Defendant's counsel for preparation for and attendance at mediation against

Plaintiff.  The Clerk of this Court is requested to send a copy of this Order to Ms.

Gleason.

Signed: June 29, 2017

Dennis L. Howell
United States Magistrate Judge